**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luther Wayne SMITH, Defendant–
Appellant.**

No. 09–13307
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 22, 2010.

George Allen Couture, Donna Lee Elm, James W. Smith, III, Federal Public Defender, Orlando, FL, for Defendant–Appellant.

Susan Hollis Rothstein–Youakim, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Luther Wayne Smith appeals his 100–month sentence, imposed after resentencing, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Smith argues that the district court should have considered

60

Smith's post-sentencing rehabilitation. Basing his ruling entirely on this circuit's decision in *United States v. Lorenzo,* 471 F.3d 1219 (11th Cir.2006), which precluded consideration of post-sentencing conduct, the district court declined to consider Smith's post-sentencing conduct. We agree that *Lorenzo* controls this issue. Smith is nonetheless correct that there is a question as to whether *Lorenzo* continues to be good law in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Spears v. United States,* —— U.S. ——, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009). Nonetheless, our circuit's prior precedent rule bars us from overruling *Lorenzo* without en banc consideration. *See U.S. v. Steele,* 147 F.3d 1316, 1317–18 (11th Cir.1998) (en banc).

**AFFIRMED.**